U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 30 2017

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUZ AND WALTER VENTURA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-075-A |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Wells Fargo Bank, N.A., to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs, Luz and Walter Ventura, filed a response to which defendant replied. Having considered the motion, the response, the reply, plaintiffs' original petition, and applicable legal authorities, the court concludes that defendant's motion should be granted.

I.

Plaintiffs' Claims

Plaintiffs asserted four claims against defendant: (1) breach of contract, (2) quiet title, (3) declaratory judgment, and (4) permanent injunction. The breach of contract claim arose from claimed defects in a home equity lien executed between plaintiffs and defendant that allegedly fails to comply with section 50(a)(6) of the Texas Constitution. Specifically,

plaintiffs asserted that the home equity lien was unconstitutional because:

> (a) [plaintiffs] did not receive a copy of the final loan documents; (b) an appraisal report was not prepared; (c) [plaintiffs] did not receive an acknowledgemet of the three-day right to rescind document; and (d) [defendant] failed to properly acknowledge the fair market value on the day the extension of credit was made.

Doc. 1 at Ex. D, ¶ 1.[1]  Also, plaintiffs alleged that defendant clouded plaintiffs' title to the property secured by the home equity lien by claiming a valid lien and the power to foreclose on the property.  Plaintiffs sought declaratory and injunctive relief, and prayed that defendant forfeit all principal and interest owed and reimburse plaintiffs for all previous payments made.

II.

Grounds of the Motion to Dismiss

Defendant moved to dismiss all of plaintiffs' claims for failure to state a claim upon which relief can be granted. Specifically, defendant argued that plaintiffs' breach of contract claim is barred by the applicable four-year statute of limitations.  Regardless of limitations, defendant asserted that the breach of contract claim should otherwise be dismissed because each of the alleged violations of the Texas Constitution

---

[1] The "Doc. __" references are to the number of the item on the docket in this action.

fails as a matter of law. Defendant also contended that plaintiffs' quiet title claim fails because the claim is not based on the strength of plaintiffs' title to the property, but instead is based on the alleged weakness of defendant's title. Finally, defendant argued that plaintiffs' requests for declaratory and injunctive relief should be dismissed, as such requests are dependant upon the assertion of a viable cause of action.

III.

Applicable Pleading Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

3

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Further, when a successful affirmative defense such as limitations is apparent on the face of the pleadings, dismissal is appropriate on that ground. Kansa Reinsurance Co. v. Cong. Mortg. Corp. Of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994).

4

IV.

Analysis

A. Plaintiffs' Breach of Contract Claim is Barred by Limitations

A breach of contract claim for failure to comply with section 50(a)(6) of the Texas Constitution is bound by a four-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.051; see Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 673-74 (5th Cir. 2013). The period runs when the legal injury occurs, which, in actions challenging the creation of unconstitutional liens, takes place at the creation of the lien. See Priester, 708 F.3d at 675-76.

Here, the limitations period began on November 15, 2006, the date the parties executed the home equity lien. Plaintiffs waited until December 29, 2016, more than six years after the limitations period expired, to challenge the validity of the lien. Their breach of contract claim has long been foreclosed.

Nothing in the original petition suggests that there are facts that could be alleged in an amended pleading that would cure the pleading deficiencies as to plaintiffs' breach of contract claim. The record indicates that if plaintiffs were to put in an amended complaint allegations of fact that would be inconsistent with the dates supplied in the original petition, they would be at risk of the imposition of sanctions under Rule

5

11 of the Federal Rules of Civil Procedure. In other words, the record suggests that plaintiffs cannot honestly plead facts by an amended complaint that would bring their breach of contract claim within the applicable limitations period.

B.  <u>Plaintiffs Fail to State a Quiet Title Claim</u>

Under Texas law, to prevail on a quiet title claim plaintiffs must show that: "(1) [they have] an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." <u>Hurd v. BAC Home Loans Servicing</u>, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012). Importantly, "plaintiff[s] must prove and recover on the strength of [their] own title, not on the weakness of [their] adversary's title." <u>Fricks v. Hancock</u>, 45 S.W.3d 322, 327 (Tex. App. 2001, no pet.) (citing <u>Alkas v. United Sav. Ass'n of Tex., Inc.</u>, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e)).

To support their quiet title claim, plaintiffs alleged that:

> 22. Plaintiffs are the undisputed owner of the Property by virtue of Plaintiff's recorded deed.
>
> 23. Defendant has clouded Plaintiffs' title by claiming that Defendant has a lien for security purposes on Plaintiff's Property and that Defendant has the power to foreclose on said Property.
>
> 24. The [home equity lien] upon which Defendant asserts an interest, although facially valid, is in

6

> fact <u>invalid</u> and of no force or effect because Defendant's uncured constitutional violations have rendered Defendant's underlying lien void <u>ab initio</u>. Thus, Defendant's claim interferes with Plaintiff's title.

Doc. 1 at Ex. D, ¶¶ 22-24 (citations omitted).

Plaintiffs' quiet title claim fails because plaintiffs have not shown that defendant's claim of a valid lien and the power to foreclose is invalid or unenforceable. For the reasons explained in the preceding section, plaintiffs have failed to sufficiently allege facts showing that the home equity lien is void. Moreover, plaintiffs' allegations are not based on the strength of their own title, but instead are based on the alleged weakness of defendant's title.

Plaintiffs should not be permitted to amend their complaint because doing so would be futile. Nothing in the original petition suggests that there are facts that could be alleged in an amended pleading that would cure the pleading deficiencies as to plaintiffs' quiet title claim. Further, plaintiffs' response to the motion to dismiss lacks any indication that an amended complaint would be beneficial.

C. <u>Plaintiffs' Declaratory Judgment Claim is Duplicative of Their Breach of Contract And Quiet Title Claims</u>

Federal courts have broad discretion whether to decide a declaratory judgment claim. <u>Torch, Inc. v. LeBlanc</u>, 947 F.2d 193, 194 (5th Cir. 1991). Here, plaintiffs requested a

7

declaration that "(a) [] Defendant has failed to cure Constitutional defects in the loan documents, (b) . . . the mortgage lien is noncompliant with the Texas Constitution and thereby VOID, and (c) . . . title be quieted in Plaintiffs' name." Doc. 1, Ex. D at ¶ 30. Plaintiffs' requests simply mirror their claims for breach of contract and quiet title; adjudication of those claims will resolve all of the issues present in this action. Thus, plaintiffs' declaratory judgment claim is unnecessary.

D.  Plaintiffs Are Not Entitled to Injunctive Relief

"Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." Cook v. Wells Fargo Bank, N.A., No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing Brown v. Ke-Ping Xie, 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.)); see Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).

Plaintiffs have failed to state any claim upon which relief can be granted. Consequently, they are not entitled to any injunctive relief.

8

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiffs against defendant in the above-captioned action be, and are hereby, dismissed.

SIGNED March 30, 2017.

_____
JOHN MCBRYDE
United States District Judge

9